MAY IHLING GRAINGER AND CHRIS IHLING, PLAIN-
TIFFS-RESPONDENTS, v. JOSEPH FARRELL, DEFEND-
ANT-APPELLANT.

Submitted February 17, 1933—Decided May 15, 1933.

For the defendant-appellant, *Arthur T. Vanderbilt.*

For the plaintiffs-respondents, *Harvey G. Stevenson.*

The opinion of the court was delivered by

BODINE, J. The summons in the present action was tested
February 11th, 1930. The plaintiffs sought damages for per-
sonal injuries arising from a collision between the car operated
by the infant plaintiff and a bus operated by the defendant.
The defendant, on November 5th, 1930, recovered a judgment
for damages to his bus in the District Court of the First
Judicial District of Essex county. The damages arose out
of the collision, the subject-matter of the present action. The
defendant, in his answer, offered the defense that the present
action was barred by reason of *res adjudicata.* On motion
such defense was struck and error is here assigned.

"Section 47 of the Practice act of 1903 (*Comp. Stat., p.*
4065) provides in part: Every process shall bear date on the
day on which the same shall be issued, and the date shall be
*prima facie* evidence that it was issued on that day, but such
date may be disproved whenever the same shall come in ques-

tion." *Mutual Savings Fund Harmonia* v. *Gunne*, 110 *N. J. L.* 41, 43.

There is nothing to show that process in the Supreme Court action did not issue when tested. There is nothing to show that the action in the District Court was first commenced; in fact, the pleadings are silent as to this point.

"An inferior court cannot deprive a higher tribunal of its jurisdiction to hear and determine a suit pending therein by taking cognizance of the same cause of action in a suit begun subsequent to the institution of that pending in the higher court." *Bergin* v. *Ganley*, 107 *N. J. L.* 242, 243.

We can indulge in no presumption, in the absence of proof, as to when the District Court action was commenced.

The judgment is affirmed.

DONGES, J. (Dissenting). I vote to reverse because the case of *Bergin* v. *Ganley*, 107 *N. J. L.* 243, does not apply to the instant case, because there was no suit pending in the Supreme Court, within the reasoning of that case, when judgment was entered in the District Court action.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, HEHER, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 14.

*For reversal*—DONGES, J. 1.